# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHARLES ROGERS,**

          Plaintiff,

                                     **Case No. 05-C-1218**

 **v.**

**GARY R. McCAUGHTRY,**

          Defendant.

---

## RECOMMENDATION AND ORDER ON HABEAS CORPUS PETITION

---

Charles Rogers ("Rogers"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment and was sentenced to life in prison on December 7, 1989. Proceeding pro se, Rogers seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition, Rogers has filed a motion to proceed in forma pauperis and a motion for the appointment of counsel.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct a preliminary review of Rogers' petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Based on a preliminary review of the petition, the court concludes that Rogers is not entitled to relief. Accordingly, the court will recommend that the petition be denied and the case dismissed. This is not the first time that Rogers has filed a § 2254 petition in this district. Rogers' first petition was denied on November 30, 1992. Rogers v. State of Wisconsin, No. 92-C-969, (E.D. Wis. Nov. 30, 1992)(Sr. J. Myron L. Gordon, Decision and Order). Subsequently, Rogers filed two more petitions,

both of which were also denied.  Rogers v. Doyle, No. 93-C-958, (E.D. Wis. May 31, 1994)(J. Rudolph T. Randa, Decision and Order); Rogers v. McCaughtry, No. 98-C-304, (E.D. Wis. Feb. 28, 2000)(J. Lynn Adelman, Decision and Order).  These three previous petitions all challenge the same judgment of conviction that is the focus of Rogers pending petition.

This is problematic because the requirements of 28 U.S.C. § 2244(b) must be satisfied before the court can reach the merits of a "second or successive" petition.  Any claim presented in a second or successive petition that was previously presented shall be dismissed.  Section 2244(b)(1)(emphasis added).  A claim presented in a successive petition that was not presented in a prior petition shall also be dismissed unless the petitioner demonstrates one of the following:

> (1) that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Section 2244(b)(2)(A)-(B).  In addition, before the successive petitioner even reaches this inquiry, he is required to move the Seventh Circuit Court of Appeals for an order authorizing the district court to consider the application. Section 2244(b)(3); see Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  Rogers has not done so and, on that basis, the court will recommend that his petition be denied.  This renders Rogers' motion to appoint counsel and motion to proceed in forma pauperis moot.  Both motions will be denied as such.

**IT IS THEREFORE RECOMMENDED** that Rogers' petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be **denied** and this case **dismissed.**

**IT IS THEREFORE ORDERED** that Rogers' motion to proceed <u>in forma pauperis</u> is **denied as moot.**

**IT IS FURTHER ORDERED** that Rogers' motion for the appointment of counsel is **denied as moot.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A)-(C) and General Local Rule 72.3 (E.D. Wis.); whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin this <u>13th</u> day of June, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge

3